```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

FRANCIS LOUIS DiMEGLIO and          :   BK No. 06-11531
PATRICIA EILEEN DiMEGLIO                   Chapter 7
         Debtors

- - - - - - - - - - - - - - - - - -x
```

**<u>ORDER</u>**

After review of the Affidavit filed by Debtors in lieu of payment advices, the Court finds the affidavit to be legally insufficient. In addressing a similar issue, the Rhode Island Supreme Court has adopted the following definition of affidavit: "'[W]e define an affidavit as a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.'" *Scarborough v. Wright*, 871 A.2d 937, 939 (R.I. 2005), *quoting State v. Haase*, 530 N.W.2d 617, 618 (Neb. 1995). Our Debtors' affidavit states: "We *can* attest to the truth of the above statements..." *(See* Document No. 13). By saying that they "can attest to the truth of the above statements" the Debtors' statement is equivocal, in that they have not presently attested to the truth of the facts contained in the affidavit. Additionally, the affidavit does not qualify as an unsworn declaration because it fails to include to following words of art: "I declare (or certify, verify, or state)

BK No. 06-11531

under penalty of perjury that the foregoing is true and correct...." 11 U.S.C. § 1746(2).

For the foregoing reasons, the Affidavit (Doc. No. 13) is STRICKEN, and the Debtors are allowed 10 days to file an amended affidavit, using standard terminology.

Dated at Providence, Rhode Island, this 30th day of January, 2007.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/30/2007